

# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DEBORAH H. SCHIMEK | § | |
| | § | |
| V. | § | CASE NO. 4:06CV77 |
| | § | (Judge Brown/Judge Bush) |
| UNITED HEALTHCARE GROUP, ET AL. | § | |

### ORDER

Before the Court is Plaintiff's Motion to Remand (Docket #4). Having considered the motion, Defendants' response, and Plaintiff's "Sur-reply," the Court finds that Plaintiff's Motion to Remand should be denied.

Plaintiff, a former employee of MCI-WorldCom ("MCI") claims to have purchased Defendants' health insurance policy in December of 2003. Her coverage began on January 1, 2004 but ceased when she was terminated on January 26, 2004. She claims that she was never notified that her coverage had been terminated and that she was denied coverage under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161-69. On March 17, 2004, Plaintiff broke her foot while attending a job fair, and upon seeking treatment, realized for the first time that she was no longer covered by Defendants' health insurance. Plaintiff also suffers numerous other health problems and, due to her lack of insurance, has been required to seek care at the Lancaster, Texas Veterans Administration hospital.

After discovering that she was no longer insured, Plaintiff contacted Defendants requesting information on insurance conversion. Defendants instructed Plaintiff to call MCI. Upon calling MCI, Plaintiff was told that she could have continued insurance coverage if she signed an agreement releasing any claims against MCI. Plaintiff refused to sign the release.     Plaintiff

filed her Original Petition in the 366th Judicial District of Collin County, Texas alleging claims under the COBRA Act of 1986, the Texas Deceptive Trade Practices Act, Titles 26 and 28 of the Texas Insurance Code, and for Malicious and Negligent Misrepresentation.  Thereafter, on February 22, 2006, Defendants timely removed the action claiming that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) since plaintiff's claims arise under section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. 29 U.S.C. § 1132(a).

Plaintiff moved to remand claiming that federal question jurisdiction does not exist since Plaintiff does not seek to bring claims under ERISA.  Rather, Plaintiff alleges that her claims are based entirely in state law.  Plaintiff claims that removal is not appropriate because ordinary rather than complete preemption applies to the facts of her case.

## Analysis

The federal removal statute authorizes removal to federal court of a civil action filed in state court if the claim is one "arising under" federal law.  *See* 28 U.S.C. § 1441(b).  When determining whether a claim arises under federal law, district courts examine the "well pleaded" allegations of the complaint, ignoring any potential defenses.  *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003).  A suit only arises under federal law when the complaint shows that it is based on federal law, and as a general rule, a case will not be removable unless the complaint affirmatively alleges a federal claim.  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  However, there is an exception to the well pleaded complaint rule when Congress "so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).  The

Supreme Court has held that state law claims which seek relief within the scope of ERISA § 502(a)(1)(B) are completely preempted. *Id.* at 62-66.

A claim falls with the scope of §502(a)(1)(B) when the claim falls within the scope of an ERISA plan and does not try to remedy a legal duty independent of ERISA. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 214 (2004). When interpretation of the terms of an ERISA benefits plan forms an essential part of a claim, and when the claim would not exist but for the ERISA plan, the claim is subject to complete preemption. *Id.* at 213. "Any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Id.* at 209.

No party denies that the health care benefit plan at issue is covered by ERISA. In fact, Plaintiff expressly admits as much by bringing a claim under COBRA, 29 U.S.C. §§ 1161-69, which is part of ERISA. *See Brock v. Primedica, Inc.*, 904 F.2d 295, 296 (Congress enacted the COBRA amendments to ERISA to require sponsors of group health plans to offer continuing coverage on an individual basis). The Court finds that Plaintiff's COBRA claim, alone, creates federal question jurisdiction and is within the scope of § 502(a) of ERISA. Nevertheless, the Court will briefly examine whether Plaintiff's state law claims, standing alone, fall within the scope of § 502(a)(1)(B).

Section 502(a)(1)(B) of ERISA states:

(a)…A civil action may be brought–

>    (1) by a participant or beneficiary–
>    …
>    (B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.…

29 U.S.C. § 1132. The Court finds that Plaintiff's claims can fairly be characterized as either "claims to recover benefits due h[er] under the plan" or as claims to "enforce h[er] rights under the plan." *See Arana*, 338 F.3d at 438; *see also Cooksey v. Metro. Life Ins. Co.*, 2004 WL 1636973, at *2 (N.D. Tex. Jun. 17, 2004) (holding that § 502(a)(1)(B) provides sole remedy for claim for continuation coverage of ERISA plan); *Levine v. Transamerica Life Cos.*, 2001 WL 333119, at *5-6 (E.D. La. April 5, 2001)(holding that claim for continuation coverage was in reality a claim for benefits and/or breach of fiduciary duty and was within scope of § 502). The Supreme Court has held that there is complete preemption over claims that seek relief "within the scope of the civil enforcement provisions of § 502(a)." *Metro Life*, 481 U.S. at 66. Conflict preemption under ERISA § 514 is not required. *Arana*, 338 F.3d at 440.

Although Plaintiff claims that her petition only involves claims relating to state law, the Court finds, and Plaintiff does not contest, that the plan at issue is an ERISA plan. The determination of Plaintiff's rights will likely be dependent upon an examination of the ERISA plan at issue. Plaintiff's claims would not exist but for her prior enrollment and participation in the ERISA plan. The Court therefore finds that Plaintiff's claims are completely preempted and that removal was warranted. As complete preemption applies, the Court need not address Plaintiff's § 514 "savings clause" argument. *See Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 275-76 (5th Cir. 2004).

4

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand is DENIED.

**SIGNED this 25th day of April, 2006.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE